■ In the Matter of MARGARET KING, Appellant, v ROLAND FINDLAY, Respondent. [595 NYS2d 816] —In a proceeding to modify an out-of-State custody order, the mother appeals from an order of the Supreme Court, Kings County (Held, J.), dated June 15, 1992, which dismissed the proceeding for lack of jurisdiction.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, to hear and determine the application.

The parties to this proceeding are the parents of a daughter born September 19, 1982. The mother alleges that the child continuously resided with her in New York until September 1988 when the parties agreed that she would reside with the father in Pennsylvania for several months while the mother attended school. However, when the mother requested the child's return, the father refused. He thereafter moved with the child to Delaware and, in March 1990 the Family Court of the State of Delaware awarded custody to the father and visitation to the mother. In October 1991 the father moved with the child to New York. The instant proceeding was commenced by the mother in May 1992 to modify the order of the Delaware court. We conclude that the Supreme Court erred in declining to exercise jurisdiction.

Domestic Relations Law article 5-A, otherwise known as the Uniform Child Custody Jurisdiction Act, permits a court of this State to modify a custody order of another State where "(1) it appears to the court of this state that the court which rendered the decree does not now have jurisdiction * * * and

(2) the court of this state has jurisdiction" under Domestic Relations Law § 75-d *(see,* Domestic Relations Law § 75-o [1]). This test was amply satisfied here.

Since the child resided in New York for at least six months at the time the proceeding was commenced, New York was her home State within the meaning of Domestic Relations Law § 75-c (5) *(see,* Domestic Relations Law § 75-d [1] [a] [i]). Furthermore, it is in the best interest of the child that New York assume jurisdiction because the child and both parents reside in and have a "significant connection" with New York and there is "substantial evidence concerning the child's present or future care, protection, training, and personal relationships" within the jurisdiction (Domestic Relations Law § 75-d [1] [b]). The record shows that the mother is employed in New York, the father claims to be attending college here, and the child has been enrolled in school here since the fall of 1991. Finally, the child's departure from Delaware divested it of its home State status (Domestic Relations Law § 75-c [5]), and, since the absence exceeded six months, "it appears that no other state would have jurisdiction" (Domestic Relations Law § 75-d [1] [d]; *see,* 28 USC § 1738A). Thompson, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.